IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RENEE (COG) FEREBEE,　　　　　　　　　　*

　　Plaintiff,　　　　　　　　　　　　　　*

　　v.　　　　　　　　　　　　　　　　　*　　　Civil Action No. PX 17-0643

DOLLAR TREE STORE, *et al.*,　　　　　　　*

　　Defendants.　　　　　　　　　　　　　*

******

# MEMORANDUM OPINION AND ORDER

Plaintiff Renee Ferebee ("Ferebee"), proceeding *pro se*, brings suit against Defendant Dollar Tree Stores, Inc. ("Dollar Tree")[1] for claims of defamation, "sabortagement" (sic), retaliation, conspiracy, discrimination, and "her civil rights violated," and seeks $500 million in damages. ECF No. 1 at 2. Defendant filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 5. Plaintiff subsequently filed a "continuation law suit claim," which this Court construes as a motion for leave to file an amended complaint. *See* ECF No. 11. Defendant also opposed this motion. ECF No. 12. Both motions are fully briefed and ready for review. *See* D. Md. Loc. R. 105.2. Upon consideration of the Complaint and all pleadings, the Court GRANTS Dollar Tree's Motion to Dismiss and DENIES Ferebee leave to amend.

---

[1] Ferebee incorrectly styles Defendant's name as "Dollar Tree Stores Franchises (Store# 636, 4618, 647)," "Dollar Tree Store (Entity) Store #4618," and "Dollar Tree Store #647" in the Complaint, ECF No. 1, and as "Dollar Tree Inc" in the Notice of Summons, ECF No.1-1. The Court refers to the proper defendant, Dollar Tree, Inc., as "Defendant."

1

**I. Background**

Although Ferebee's Complaint is often indecipherable, liberally construed it seems to allege that on two occasions at two Dollar Tree stores,[2] Ferebee attempted to purchase items using a check which the stores could not process for payment. *See* ECF No. 1 at 1, 4, 5–6; *see generally* ECF No. 1-2. Ferebee further avers that Dollar Tree employees failed to ring up all of her items to make it seem as if she were shoplifting. *See* ECF No. 1 at 1, 3, 5; *see, e.g.*, ECF No. 1-2 at 8. Plaintiff and the Dollar Tree employees argued about whether Ferebee was stealing; on one occasion, police responded to the store but did not arrest anyone. *See* ECF No. 1 at 1–2. Ferebee asserts that Dollar Tree has discriminated against her. Specifically, Ferebee states that Dollar Tree employees have "profiled [her], because of her appearance, and rumors that she . . . is crazy." ECF No. 1 at 6.

Defendant moved to dismiss the Complaint, arguing that Ferebee has not sued the proper entity and that, even if she had, she has failed to state a claim upon which relief can be granted. Further, Defendants, construing Ferebee's "Filing a Continuation Law Suit Claim" as a motion for leave to amend, argues for denial of such leave on futility grounds. The Court addresses each argument in turn.

**II. Dollar Tree's Motion to Dismiss**

    **A. Standard of Review**

Because Ferebee is proceeding *pro se*, the Court construes the Complaint liberally to ensure that potentially meritorious claims proceed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That said, the Court cannot ignore a *pro se* plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does

---

[2]     Store number 4618 in Temple Hills, Maryland, and store number 647 in Landover Hills, Maryland.

not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). A court, when reviewing *pro se* complaints, must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (1985).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) properly is granted when the complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible or permit reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In assessing whether this is so, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 1999). The Court does not credit conclusory statements or a plaintiff's legal conclusions, even when the plaintiff purports them to be allegations of fact. *See Iqbal*, 556 U.S. at 678–79; *Giarrantano v. Jonson*, 520 F.3d 298, 302 (4th Cir. 2008). From the facts averred, the Court must be able to infer "more than the mere possibility of misconduct"; the complaint must contain factual pleadings that show the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (quoting *Iqbal*, 556 U.S. at 678). The Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P 10(c). The Court may also consider materials attached to a motion to dismiss, so long as they are integral to the complaint and authentic. *Philips*, 572 F.3d at 176.

B.  Analysis

### 1. Failing to sue proper party

Dollar Tree first argues that the Complaint must be dismissed for failure to sue the proper party.  The Fourth Circuit has long held that a "misnomer of a corporation in a notice, summons, . . . or other step in a judicial proceeding is immaterial," and does not warrant dismissal where defendant "could not have been, or was not, misled" regarding which entity the plaintiff intended to sue.  *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 873, 873 (4th Cir. 1947).  A simple typo such as "the inclusion of an unnecessary 'Inc.' in a defendant's name does not make the complaint defective."  *Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 224 (4th Cir. 1999) (citing *A.H. Fischer Lumber Co*. 162 F. 2d at 873).

Ferebee lists "Dollar Tree Stores Franchises (Store# 636, 4618, 647)," "Dollar Tree Store (Entity) Store #4618," "Dollar Tree Store #647," and "Dollar Tree Inc" as defendants in this lawsuit.  "Dollar Tree Stores, Inc." is the proper styling of Defendant's name.  ECF No. 5-2 at 1.  Such an insignificant deviation from Defendant's proper name is insufficient to require dismissal.

### 2. Defamation

Dollar Tree next argues that Ferebee failed to state a claim upon which relief can be granted.  To state a defamation claim, a non-public figure must plausibly aver: (1) the defendant made a defamatory statement to a third person, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff suffered harm.  *Doe v. Salisbury Univ.*, 123 F. Supp.3d 748, 757 (D. Md. 2015).   As to the first element, a plaintiff must plead with specificity each defamatory statement.  *Id*.  A plaintiff may not "baldly allege a broad course of conduct over a lengthy period of time and later sue on any act that occurred during that

time." *Id*. at 757–58 (quoting *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 199989125, at *3 (4th Cir. 1999)).

Ferebee's Complaint fails to allege any defamatory statements made to a third person. Rather, the Complaint states more broadly that Dollar Tree employees tried purposely to "make the Plaintiff look like a fool, in front of a lot of customers," ECF No. 1 at 6, and that "everyone" is "doing the same identical crime, against the Plaintiff, wanting to show that Plaintiff is a thief, and crazy," ECF No. 1 at 4. Devoid of any defamatory statements pleaded with particularity, Ferebee's defamation claim must be dismissed.

### 3. Discrimination

The Complaint purports to bring claims for discrimination and violation of "civil rights." *See* ECF No. 1 at 2. The Court cannot discern on what grounds Plaintiff is claiming discrimination; the Complaint is deficient even as to the most basic of facts, such as to what protected class Plaintiff claims she belongs. *See, e.g.*, *Mathews v. Giant Food, Inc.*, 187 F. Supp. 2d 486, 488 (D. Md. 2002) (dismissing the plaintiff's discrimination because the plaintiff did not allege to be a member of a legally protected class). Nor does the Complaint include a factual basis on which to conclude that Dollar Tree, a private corporate entity, violated Ferebee's "civil rights." Plaintiff's discrimination claim must be dismissed.

### 4. Retaliation

To state a retaliation claim, a plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or the act itself violated such a right." *McFadden v. Lewis*, 517 F. App'x 149, 150 (4th Cir. 2013) (citing *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994)). "When the alleged retaliatory action occurs *before* . . . the

protected activity, the retaliation claim necessarily fails." *Lewis v. Potter*, Civ. No. DKC 2008-2249, 2009 WL 2168969, at *6 (D. Md. July 17, 2009).

Ferebee asserts that Dollar Tree retaliated against her during the interaction on February 26, 2017, and "want[ed] to bar[ ]" her from their stores in retaliation for filing her lawsuit. ECF No. 1 at 2. But the order of events as pleaded in the Complaint undermines the validity of the claim. Ferebee avers that Dollar Tree retaliated against her during the encounter on February 26, 2017, but she did not file suit until March 7, 2017. Because the claimed retaliatory act predated Ferebee's assertion of her protected right (filing a lawsuit), the claim must be dismissed.

### 5. Conspiracy

Ferebee's conspiracy claim likewise fails. Under Maryland law, to bring a claim for civil conspiracy, a plaintiff must show the following: (1) a confederation of two or more persons by agreement or understanding, (2) some unlawful or tortious act done in furtherance of the conspiracy, or use of unlawful or tortious means to accomplish an act not in itself illegal, and (3) actual legal damage resulting to the plaintiff. *Lloyd v. General Motors Corp.*, 397 Md. 108, 154 (2007). Some "unlawful act [such as] a tort, breach of contract or other actionable wrong" must be done in furtherance of the conspiracy. *Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F. Supp. 2d 675, 696 (2012). Civil conspiracy is "not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Id.* (quoting *Haley v. Corcoran*, 659 F. Supp. 2d 714, 726 (D. Md. 2009)). Here, the conspiracy claim necessarily fails because none of the other substantive counts survive dismissal.[3]

---

[3] Ferebee also brings a claim she has styled "Sabortagement." The Court cannot identify any actionable claim that might have been intended by Ferebee.

**III. Ferebee's Motion**

The Court next turns to Ferebee's "Filing a Continuation Law Suit Claim," construed as a Motion for Leave to Amend her Complaint. Although amendment of pleadings should be liberally granted "when justice so requires," Fed. R. Civ. P. 15(a)(2), the Court may deny such leave if the proposed amendment would be futile. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "A futile amendment is one that could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Applegate, LP v. City of Frederick*, 179 F. Supp. 3d 522, 527 (D. Md. 2016).

The proposed amendment suffers from the same deficiencies as the initial Complaint and therefore is futile. Ferebee simply adds another similar incident at yet a third Dollar Tree store. Specifically, Ferebee asserts that a Dollar Tree employee asked Plaintiff whether bags of dirty clothes that she had been holding were in fact bags of store merchandise, leading to a verbal altercation between the employee and Ferebee. ECF No. 11 at 1. Based on this new incident, Ferebee asserts ongoing discrimination, retaliation, harassment, defamation, and violation of "civil rights," and requests $1 billion in damages. ECF No. 11 at 2.

This proposed amendment, when read together with the original Complaint, in no way cures the previous pleading deficiencies. Nor does it plausibly state a new claim. Thus, the proposed amendment is futile, and leave to amend is denied.

**IV. Conclusion and Order**

Because Ferebee has failed to state a claim upon which relief can be granted, it is on this 26th day of January, 2018, ORDERED that:

1.  The Motion to Dismiss filed by Defendant DOLLAR TREE, INC. (ECF No. 5) BE, and the same hereby IS, GRANTED;

2.     The Complaint filed by Plaintiff RENEE (COG) FEREBEE (ECF No. 1); BE, and the same hereby IS, DISMISSED;

3.     The Motion for Leave to File an Amended Complaint filed by Plaintiff RENEE (COG) FEREBEE (ECF No. 11) BE, and the same hereby IS, DENIED;

4.     The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Plaintiff and counsel for Defendant;

**5.**     The Clerk is directed to CLOSE this case.


1/26/2018                                                                            /S/
Date                                                                     Paula Xinis
                                                                         United States District Judge